**JERRALD K. PICKERING, II, SBN: 105253**
**MICHAEL L. PICKERING SBN: 109384**
PICKERING LAW CORPORATION
1915 Placer Street, Redding, CA 96001
P.O. Box 992200, Redding, CA 96099-2200
(530) 241-5811
(530) 241-3145 (Facsimile)
E-Mail: jerry.plc@sbcglobal.net
         mike.plc@sbcglobal.net

Attorneys for Defendant
DANIEL C. DORSEY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JUDE RICCI,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>DANIEL C. DORSEY,<br><br>　　　　Defendant(s).<br>_____/<br>AND RELATED COUNTER-CLAIM<br>_____/ | CASE NO: 2:08-CV-00060-FCD-KJM<br><br>~~STIPULATION FOR~~ STIPULATED PROTECTIVE ORDER FOR CONFIDENTIALITY OF DOCUMENTS AND INFORMATION TO BE PRODUCED IN DISCOVERY<br><br>Assigned Judge:<br>Honorable Frank C. Damrell, Jr.<br><br><u>(With court modifications shown in strikeout/ underline format)</u> |

　　　　Subject to the approval of this Court, the parties by and through their respective counsel hereby stipulate to the following protective order:

　　　　1.　　In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order"). Confidential information is information which has not been made public and which concerns or relates to the processes, operations, type or work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other

1  organization, the disclosure of which information may have the effect of causing harm to the
2  competitive position of the person, firm, partnership, corporation, or to the organization from
3  which the information was obtained.  The parties contemplate that confidential documents to be
4  produced in this case include financial and medical records.

5       By designating a document, thing, material, testimony or other information derived
6  therefrom as "confidential," under the terms of this order, the party making the designation is
7  certifying to the court that there is a good faith basis both in law and in fact for the designation
8  within the meaning of Federal Rule of Civil Procedure 26 (g).

9       2.    Confidential documents shall be so designated by stamping or writing on the copies
10 of the documents produced to a party with the legend "CONFIDENTIAL."  Stamping or writing
11 the legend "CONFIDENTIAL" on the cover of any multiple document shall designate all pages of
12 the document as confidential, unless otherwise indicated by the producing party.

13      3.    Testimony taken at a deposition <u>or conference</u> <u>during discovery</u><s>, hearing or trial</s>
14 may be designated as confidential by making a statement to that effect on the record at the
15 deposition or other <u>discovery</u> proceeding.  Arrangements shall be made with the court reporter
16 taking and transcribing such proceeding to separately bind such portions of the transcript
17 containing information designated as confidential, and to label such portions appropriately.

18      4.    Material designated as confidential under this Order, the information contained
19 therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from
20 material designated as confidential (hereinafter "Confidential Material") shall be used only for the
21 purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

22      5.    Confidential Material produced pursuant to this Order may be disclosed or made
23 available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial
24 staff employed by such counsel), and to the "qualified persons" designated below:

25      (a)    a party, or an officer, director, or employee of a party deemed necessary by counsel
26 to aid in the prosecution, defense, or settlement of this action;

27      (b)    experts or consultants (together with their clerical staff) retained by such counsel to
28 assist in the prosecution, defense, or settlement of this action;

<s>Stipulation for</s> Stipulated Protective Order for
Confidentiality of Documents and Information
to be Produced in Discovery
2
Case No. 02:08-CV-00060-FCD-KJM

      (c)    court reporter(s) employed in this action;

      (d)    a witness at any deposition or other proceeding in this action, and

      (e)    any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

6.    Confidential depositions or deposition testimony shall be taken only in the presence of qualified persons.

7.    The parties may further designate certain discovery material or <u>deposition</u> testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL—ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2 and 3 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 5 (b) through (e) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this Order with respect to confidentiality shall also apply.

8.    Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

9.    If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, <u>the party wishing to file the papers shall seek to file such material</u> ~~such papers shall be labeled "Confidential—Subject to Court Order" and filed~~ under seal <u>in accordance with the applicable Local Rules</u> ~~until further order of this Court~~.

///

~~Stipulation for~~ Stipulated Protective Order for Confidentiality of Documents and Information to be Produced in Discovery       3      Case No. 02:08-CV-00060-FCD-KJM

10. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status <u>for all other purposes</u> through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

11. This Order shall be without prejudice to the right of the parties: (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26 (c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

12. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

13. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

///
///
///
///
///
///

**SO STIPULATED:**

DATED:  June ___, 2008                    PICKERING LAW CORPORATION


_____[1]
JERRALD K. PICKERING, II
Attorneys for Defendant
DANIEL C. DORSEY

DATED:  June ___, 2008                    LAW OFFICES OF WILLIAM M. DUNCAN


_____
WILLIAM M. DUNCAN
Attorneys for Plaintiff
CHRISTOPHER JUDE RICCI

**APPROVED AS MODIFIED, AND SO ORDERED:**

DATED:  July 22, 2008.

_____
U.S. MAGISTRATE JUDGE

---

[1]  The court acknowledges receipt of a stipulation bearing the signatures of counsel for both parties.

Attachment A

**<u>NONDISCLOSURE AGREEMENT</u>**

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulation for Stipulated Protective Order for Confidentiality of Documents and Information to be Produced in Discovery entered in Christopher Ricci vs. Daniel Dorsey, United States Eastern District Court Case No. 02:08-CV-00060-FCD-KJM, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

DATED:  June ___, 2008

_____